UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| vs. | ) ) | **CRIMINAL ACTION NO. 14-10303-RGS** |
| GARY S. SPRING, | ) ) | |
| Defendant | ) ) ) | |

# MEMORANDUM AND DECISION ON UNITED STATES' MOTION TO REOPEN DETENTION HEARING

## November 20, 2014

The United States moves (Doc. 24) to reopen the detention hearing in the above-captioned case. Defendant, Gary S. Spring ("Spring") has filed an opposition (Doc. 25). This matter is ripe for decision. For the reasons stated below, the motion to reopen the detention hearing is denied.

## FACTUAL BACKGROUND

On September 19, 2014, Spring was arrested and made an initial appearance on a criminal complaint charging him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252A(a)(5). (Doc. 3). The United States moved for detention. <u>Id.</u> At the conclusion of a detention hearing on September 22, 2014, this court entered an order releasing Spring on a secured bond and other conditions. (Doc. 5 and 7). On October 27, 2014, Spring appeared before the court again for an arraignment on an indictment charging him with Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B). (Doc. 14, 20). At the arraignment, the United States moved orally for reconsideration of Spring's release on conditions and, at the court's direction, filed the written motion now under consideration. (Doc. 20).

The United States moves pursuant to 18 U.S.C. § 3142(f). In relevant part, it provides:

> The [bail] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of hearing and that has a material bearing on [release or detention].

In support of its motion to reopen, the United States cites the following information which it asserts it learned after the detention hearing and Spring's release:

1. That two children lived with their mother in one of the condominium units that comprise the Victorian-style home in which Spring's unit is located. The children routinely pass by the door to Spring's condominium unit.

2. That the neighborhood in which Spring resides is populated with children who walk past Spring's residence.

3. That Spring resides within three blocks of a school and park.

(Doc. 24 at pp. 2-3).

Spring opposes the motion of the United States. He notes that the investigation that led to his arrest and the execution of a search warrant of his condominium unit has been ongoing since June 30, 2014 – some 85 days before the detention hearing – and that the United States had ample time during the investigation to discover the information cited above. Similarly, he notes that agents had followed Spring from his residence to a nearby business on the morning of Spring's arrest and thus were familiar with his neighborhood, the nature of foot traffic in the neighborhood, and its proximity to a school and park. Finally, Spring contends that, during the execution of a search warrant at Spring's residence on the morning of Spring's arrest, law enforcement officers interacted with the mother of the children the United States claims it did not know about before the original detention hearing. Spring separately argues that even if the information cited by the United States were found to be new, it is not material because the children have been removed from the house in which the condominiums are located, and because Spring is in the process of selling his unit and moving. (Doc. 25 at pp. 2-3).

ANALYSIS

In applying Section 3142(f) of the Bail Reform Act, courts have interpreted the language "not known to the movant at the time of the hearing" to include information about which the litigant should have known and presented at the original detention hearing. For example, in <u>United States v. Dillon</u> 938 F.2d 1412 (1st Cir. 1991), the Court of Appeals affirmed an order denying Dillon's motion to reopen a detention hearing where the alleged new information comprised affidavits and

2

letters attesting to Dillon's good character from relatives and associates who attended the original detention hearing. Id. at 1415. It did not matter that the affidavits and letters themselves had not been written; the relatives and associates had been available at the original bail hearing to provide the information, and Dillon simply did not present it. Id. Similarly, in United States v. Cartagena-Mederos, 888 F. Supp. 2d 211 (D.P.R. 2012) (Besosa, J), cited by Spring, the district court upheld a magistrate judge's denial of a motion to reopen where Cartagena had "had sufficient time to prepare for witness questioning and [had] failed to ask questions of the witnesses ... that should have been raised during the initial hearing." Id. at 213. By contrast, in United States v. Peralta, 849 F.2d 625 (D.C. Cir. 1988), the Court of Appeals upheld the district court's reopening of the detention hearing "when previously nonexistent, material information was brought to light, namely, the court's adverse ruling at the suppression hearing, which increased the likelihood of Peralta's conviction." Id. at 626-27.

Applying these decisions and the plain language of Section 3142(f), this court finds that the information cited by the United States in support of the motion to reopen does not meet the standard of "not known to the movant." It seems clear that the cases interpret this statutory language to mean not just actual knowledge, but also constructive knowledge, i.e., knowledge "that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person." See Black's Law Dictionary, 9th Ed. (2009). Thus, a litigant cannot invoke 3142(f) to reopen and offer statements about his character from relatives and friends; he is charged with constructively knowing of those statements. Dillon, 938 F.2d at 1415. A defendant cannot forego an opportunity to confront a witness and elicit favorable testimony, and then later claim the testimony he or she failed to elicit would constitute new information. Cartagena, 888 F. Supp. 2d at 213. By the same token, a person cannot be charged with constructive knowledge of a future event, and a court's ruling on a suppression motion made after the detention hearing is not something that with the exercise of reasonable care and diligence can be actually or constructively known. Peralta, 849 F.2d at 626-27.

What should a court charge a litigant with knowing actually or constructively in a given criminal case? The cases suggest it depends: what a defendant may be charged with knowing in connection with his argument for release surely differs from what the prosecution may be charged with knowing. What the prosecution may be charged with knowing depends on factors such as the scope and length of the investigation, the nature of the conduct under investigation, and the characteristics of the target. Certainly there are boundaries to what the prosecution should be charged with constructively knowing; however, regardless of the definition of such boundaries, I find that the information on which the United States moves here is well within them. It is clear that at the time of Spring's arrest, Spring resided in Victorian-style home that had been converted to a handful of condominium units. Using reasonable care and diligence, the United States could have easily determined whether children resided in one or more of the other units. Interviewing neighbors, speaking with a building custodian, even taking account of evidence of children in common areas – shoes, toys, backpacks– would have revealed as much. Similarly, schools, parks, and playgrounds populate our towns. It is almost fair to assume that no residence is so far from one of these that the United States could not in the exercise of reasonable care and diligence be charged with constructive knowledge of their proximity to a defendant's residence. Indeed, databases such as "Googlemap" can easily establish whether or not such a facility is near a home at which a defendant may reside. As Spring accurately notes, the United States has been investigating Spring since June 2014. In an investigation of nearly three months, with the exercise of reasonable care and diligence, the United States could have learned of the matters about which it now claims ignorance.

## CONCLUSION

The motion of the United States to reopen the detention hearing (Doc. 24) is denied.

       /s/ David H. Hennessy
       David H. Hennessy
       United States Magistrate Judge